IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Susan Dollinger,<br>Plaintiff, | *<br>*<br>* | |
| v. | *<br>* | Civil No. JFM-10-7200 |
| Joseph Caradonna,<br>Defendant. | *<br>*<br>*<br>*<br>*<br>* | |
| Joseph Caradonna,<br>Plaintiff, | *<br>*<br>* | |
| v. | *<br>* | Civil No. JFM-10-7251 |
| Susan Dollinger,<br>Defendant. | *<br>*<br>*<br>*<br>*<br>* | |

\* \* \* \* \* \*

MEMORANDUM

Invoking this Court's diversity jurisdiction, Susan Dollinger has instituted a foreclosure action (Civil No. JFM-10-7200) against Joseph Caradonna concerning two properties located in the Town of Greenburgh, County of Westchester, New York. In addition, Ms. Dollinger has removed a related civil action (Civil No. JFM-10-7251) filed by Mr. Caradonna in the New York Supreme Court to this Court, pursuant to 28 U.S.C. § 1441(a). Now pending before this Court is Mr. Caradonna's Motion to Dismiss for Lack of Jurisdiction and to Remand Removed State Court Proceeding.

I.

The facts, as alleged in the pleadings, are as follows. Mr. Caradonna owns two properties that he purchased from Ms. Dollinger in 1995. Ms. Dollinger continues to hold mortgages on

both properties. (Mot. to Dismiss at 2.) Mr. Caradonna claims that for many years he requested payoff statements from Ms. Dollinger, but was refused. (*Id.* at 3.) In 2005, Mr. Caradonna bounced a check for a monthly payment on one of the mortgages, but later tendered a replacement payment, in addition to the required monthly payments due on both mortgages. (*Id.*) Ms. Dollinger refused these payments, however, and her attorney wrote Mr. Caradonna a letter declaring both mortgages in default. (*Id.*)

In 2006, Mr. Caradonna commenced a proceeding in the New York Supreme Court to compel Ms. Dollinger to issue certified payoff statements. (*Id.*) Ms. Dollinger, in turn, commenced two foreclosure proceedings. (*Id.* at 3-4.) The three proceedings were consolidated and resolved by Justice Orazio Bellatoni on June 25, 2010. (*Id.* at 4). Justice Bellantoni's order dismissed the mortgage foreclosure proceedings and partially granted Mr. Caradonna's motion for summary judgment, compelling Ms. Dollinger to serve certified payoff statements on each mortgage. (*Id.*; *see also* Ex. C, Affirmation of Perry Dean Freedman in Support of Mot. to Dismiss.) The order also held, however, that Mr. Caradonna's motion for summary judgment on his claim for declaratory judgment, seeking a determination of the correct amounts due on the mortgages, was premature. (Mot. to Dismiss at 4.)

Ms. Dollinger served Mr. Caradonna with certified instruments on August 3, 2010, claiming that she was entitled to interest compounded upon interest for the five-year period during which she refused Mr. Caradonna's payments. (*Id.* at 5.) On August 31, 2010, Mr. Caradonna commenced a New York Supreme Court proceeding seeking a declaratory judgment as to the correct amounts owed. (*Id.*) On September 17, 2010, Ms. Dollinger commenced the instant foreclosure proceeding in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1332. (Compl. Civil No. JFM-10-7200 ¶ 7.) On September

21, 2010, Ms. Dollinger removed the New York Supreme Court proceeding to the Southern District, pursuant to 28 U.S.C. §§ 1441(a), 1441(b), 1441(c). (Ex. B, Affirmation of Perry Dean Freedman in Support of Mot. to Dismiss.)

## II.

Mr. Caradonna moves this Court to dismiss the federal action for lack of subject matter and remand the removed state court proceedings to state court. Ms. Dollinger commenced the federal action under 28 U.S.C. § 1332. Diversity jurisdiction requires that all adverse parties to an action be "completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). In determining whether diversity of citizenship exists, it is the date on which the complaint was filed that controls. *See Bogan v. Nw. Mut. Life Ins. Co.*, 103 F. Supp. 2d 698, 700 (S.D.N.Y. 2000) ("For diversity purposes, the relevant date in determining a party's domicile is the date on which the complaint was filed—actions subsequent to that date, such as changing addresses or moving residences, are inconsequential") (internal citation omitted). Determining a party's citizenship presents a mixed question of fact and law. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A party's citizenship is determined by his domicile, defined as the place where he has "his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). The party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

When the domicile of a party is in dispute, the district court must evaluate the circumstances of the individual's situation on a case-by-case basis. The factors taken into account include: "the party's current residence; voter registration and voting practices; situs of

personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity," however, "[n]o single factor is conclusive on the subject." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2004). *See, e.g.*, *Gonzalez v. Rajkumar* 2005 WL 1593008, *2 (S.D.N.Y. July 6, 2005) (finding that defendant was domiciled in Florida at the time the action was commenced because defendant submitted a Florida driver's license, bank statements, credit card bills, and mobile phone bills addressed to defendant in Florida, vehicle registration in Florida, and an affidavit by defendant stating that he resides in Florida and intends to remain there); *Hicks v. Brophy*, 839 F. Supp. 948, 951-52 (D. Conn. 1993) (finding the plaintiffs were domiciled in New York because plaintiffs testified that their business is operated exclusively out of New York, they have lived in New York since 1984 without interruption, their business and personal mail is delivered to their New York address, the plaintiffs receive their medical care from New York practitioners, and the plaintiffs' business and personal accountant for the past eight years has been located in New York).

Mr. Caradonna claims that Ms. Dollinger is domiciled in New York and that there is no diversity between the two parties. In support of this claim, Mr. Caradonna points to the following facts: Ms. Dollinger holds a New York State driver's license listing her residence as Bethel, New York; has a vehicle registered in the state of New York; owns property in New York; and owns and operates a business (a Bed & Breakfast) located in Bethel, New York. (Mot. to Dismiss at 7.) In addition, Ms. Dollinger maintains a telephone number with a New York 845 area code, listing her address as Bethel, New York. (Ex. E, Reply Affirmation of Perry Dean Freedman in Support of Mot. to Dismiss for Lack of Jurisdiction and to Remand Removed State Court Proceeding.)

Ms. Dollinger is named as Innkeeper on the website for the Bed & Breakfast she owns in Bethel, New York, and the website for the Bed & Breakfast contains the text, "Our home is our boutique." (Ex. B, Reply Affirmation of Perry Dean Freedman in Support of Mot. to Dismiss for Lack of Jurisdiction and to Remand Removed State Court Proceeding.) According to Mr. Caradonna, Ms. Dollinger is not registered to vote in any state, but she has made political contributions to New York Senator Charles Schumer, listing her Bethel, New York address as her residence and her employment as the Bed & Breakfast. (Ex. D, Reply Affirmation of Perry Dean Freedman in Support of Mot. to Dismiss for Lack of Jurisdiction and to Remand Removed State Court Proceeding.)

Ms. Dollinger claims that her domicile is New Jersey and that the parties are diverse for purposes of 28 U.S.C. § 1332. In support of her claim she submits a copy of the original ten-year lease for 71 Larchwood Avenue, Oakhurst, NJ, where she claims to currently reside, signed in 1976, as well as a ten-year renewal agreement for this lease, signed in 1986. (Decl. of Susan Dollinger in Opp'n to Mot. to Dismiss for Lack of Jurisdiction and to Remand Removed State Court Proceeding ¶ 4.) Though the lease expired in 1996, Ms. Dollinger claims that she has remained at this address under a month-to-month tenancy. (*Id.* ¶ 5.) In support of that contention, she submits her electricity bill for September, 2010; telephone bill for August 2010; and fuel oil bill for August, 2010, all of which state Ms. Dollinger's address as 71 Larchwood Avenue, Oakhurst, NJ. (*See* Exs. 3-5, *id.*) Ms. Dollinger also submits an affidavit in which she claims that she lives in New Jersey and has lived there since 1976. (*Id.* ¶¶ 3-4.) Ms. Dollinger claims she does not live in New York and has no intention of moving back to New York. (*Id.* ¶ 42.)

As the party invoking diversity jurisdiction, Ms. Dollinger has the burden of proving by a preponderance of the evidence that diversity existed at the time she commenced the instant

action. *See Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005). Ms. Dollinger has not met that burden. While Mr. Caradonna has demonstrated that Ms. Dollinger owns property in New York, owns and operates a business in New York, holds a New York driver's license, owns a vehicle registered in New York, maintains a New York telephone number, contributes to the campaigns of New York politicians, and represents Bethel, New York as her "home," Ms. Dollinger has submitted only an expired lease, utility bills, and her own statement of intent.  Further, Ms. Dollinger's affidavit states that she does not intend to move back to New York, but fails to state clearly her intent to stay in New Jersey. Ms. Dollinger does claim that she currently lives in New Jersey, but "[a] party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism. As many federal courts have made clear, they are accorded little weight by the district judge when they are in conflict with the facts or a party's actual conduct." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2004). The Southern District of New York has held that "a self-serving statement of intent, is insufficient to establish domicile." *Herzberg v. MegaSpirea Prods. SAS*, 2009 U.S. Dist. LEXIS 26491 (S.D.N.Y. Mar. 10, 2009).

For these reasons, Ms. Dollinger has failed to meet her burden of demonstrating diversity between the parties. Mr. Caradonna's Motion to Dismiss for Lack of Jurisdiction is granted and the removed state case shall be remanded, pursuant to 28 U.S.C. § 1447(c).  A separate order to that effect is being entered herewith.[1]

---

[1] Because I find that Ms. Dollinger has not met her burden of demonstrating diversity of citizenship, I need not decide Mr. Caradonna's alternative contention that I should nevertheless remand the removed action and stay the federal action.  I note, however, there is a basic flaw in Mr. Caradonna's argument.  He suggests that I may remand the removed action because state law issues dominate, citing in support of that proposition 28 U.S.C. §1441(c) and cases cited thereunder.  Section 1441(c), however, applies only to actions that are removed on the basis of federal question jurisdiction under 28 U.S.C. §1331, not to those that are removed on the basis of diversity of citizenship under §1332.  Therefore, it does not appear that I can remand the removed action on the basis of the authorities cited

Date:   10/25/2010                               _____/ s /_____
                                                 J. Frederick Motz
                                                 United States District Judge

---

by Mr. Caradonna.  Of course, if I were not to remand the removed action, there would be no parallel state court action pending that would warrant my staying the federal action.  *See, e.g.*, *Milk Drivers & Dairy Employees Union v. Dairymen's League Co-operative Ass'n, Inc.*, 304 F.2d 913 (2d Cir. 1962); *Universal Gypsum of Georgia, Inc. v. Am. Cyanamid Co.*, 390 F. Supp. 824 (S.D.N.Y. 1975); *Nigro v. Blumberg*, 373 F. Supp. 1206 (E.D. Pa. 1974).

    That said, it might be that I could remand the removed action because in that action Mr. Caradonna seeks declaratory relief.  Because under New York law a court has discretion whether to entertain actions for declaratory judgments, *see* N.Y. C.P.L.R. §3001 (2009); *Bravia Capital Partners, Inc. v. Fike*, 2010 U.S. Dist. LEXIS 88104 (S.D.N.Y. August 25, 2010), arguably I could decline to exercise my discretion on the basis that it should be decided in the New York Supreme Court. I would then remand the removed action to accomplish the intent of that ruling.